MARCHBANKS v. MARCHBANKS.

MAGISTRATE.—Under the Constitution, it is the duty of the magistrate to instruct the jury as to the law applicable to the case tried.

Before WATTS, J., April, 1900. Affirmed.

Action by S. P. Marchbanks against S. S. Marchbanks, in magistrate court. From order of Circuit Judge granting a new trial, plaintiff appeals.

*Messrs. Blythe & Blythe,* for appellant, cite : Con., art. V., sec. 26; 48 S. C., 152; 52 S. C., 529; Con., art. V., sec. 22; 56 S. C., 379.

*Mr. Adam C. Welborn,* contra, cites : Con. 1868, art. IV., sec. 26; Con. 1895, art. V., secs. 26, 20, 21, 22, 23; 2 Bay, 1, 385; 2 N. & McC., 168; 2 S. C., 404; 16 S. C., 445; 18 S. C., 242; 56 S. C., 456.

June 28, 1900.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The appeal herein raises the question whether magistrates are included within the terms of sec. 26, art. V., of the Constitution, which provides : "Judges shall not charge juries in respect to matters of fact, but shall declare the law."   Generally, when the Constitution refers to the members of the Supreme Court, they are mentioned as "Justices of the Supreme Court;" Circuit Judges are referred to as "Judges of the Circuit Court;" while those formerly known as trial justices had their name changed to that of "magistrate."   *Delk* v. *Zorn,* 48 S. C., 149.   The word "judge," without the superadded words "of the Circuit Court," is sometimes used in the Constitution so as to embrace "magistrates" as well as "Justices of the Supreme Court."   For instance, sec. 6, art. V., of the Constitution is as follows : "No Judge shall preside at the trial of any cause in the event of which he may be interested, or when either of the parties shall be connected with him by affinity or consanguinity within such degrees as may be prescribed by law, or in which he may have been counsel or have presided in any inferior court.   In case all or any of the Justices of the Supreme Court shall be thus disqualified or be otherwise prevented from presiding in any cause or causes, the Court, or the Justices thereof, shall certify the same to the governor of the State, and he shall immediately commission specially the requisite number of men learned in the law for the trial and determination thereof.   The same course shall be pursued in the Circuit and inferior Courts as is prescribed in this

section for cases of the Supreme Court * * *." Having shown in this part of the Constitution that the intention was to include "magistrates" when using the word "Judge," it is but reasonable to suppose that when this word is found in other parts of the Constitution, it has the same meaning, unless the context shows otherwise. There is nothing in sec. 26, art. V., of the Constitution tending to show that the word "Judge" was intended to have a different meaning from that which it has been shown to have in section 6 of said article. Any other construction of the Constitution would deprive a litigant of the important right to have the jury instructed by the Court as to the law of the case. If the magistrate knows the law, it is his duty to instruct the jury; and if he is not sufficiently versed in the law to charge the jury, he should not hold the office.

Our construction of the Constitution renders unnecessary the consideration of the additional grounds upon which the respondent relied.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.